UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY M.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C18-5455-MLP

**ORDER**

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by discounting his subjective testimony and failing to discuss the opinion of examining physician Robert Barchesi, M.D. (Dkt. # 10 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was born in 1967, has a high school diploma and some college education, and has worked as a rural mail carrier, retail store manager, and retail department manager. AR at 335-36, 693. Plaintiff was last gainfully employed in September 2013. AR at 693.

ORDER - 1

In January 2017, Plaintiff applied for benefits, alleging disability as of September 11, 2013.[1] AR at 466, 586-89. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. AR at 501-03, 505-13. After the ALJ conducted a hearing on October 5, 2017 (AR at 373-434), the ALJ issued a decision finding Plaintiff not disabled. AR at 298-312.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date.

Step two: Plaintiff's posttraumatic stress disorder, bipolar disorder, cognitive disorder not otherwise specified, secondary head trauma, chronic headaches favoring migraines, right hand arthralgia, possible seizure disorder by history, and obesity are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

Residual Functional Capacity ("RFC"): Plaintiff can perform light work with additional limitations: he can stand or walk up to four hours per workday, and should have the ability to change between sitting and standing every 30 minutes. He can occasionally climb ramps or stairs, but cannot climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He can frequently handle and finger. He can have only occasional exposure to extreme noise, vibrations, and hazards such as heights and machinery. He can perform work limited to simple, routine, repetitive tasks, in a work environment free of fast-paced production requirements, and with only occasional interaction with the public and co-workers.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

*Id*.

---

[1] Plaintiff amended his alleged onset date to August 1, 2016, at the administrative hearing. AR at 377.
[2] 20 C.F.R. §§ 404.1520.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 277-83. Plaintiff appealed the final decision of the Commissioner to this Court.

### III.	LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

//

//

### IV.	DISCUSSION

**A.     The ALJ Did Not Err in Discounting Plaintiff's Allegations of Hand-Related Limitations**

Plaintiff fractured the little finger of his right (dominant) hand during a football game in 1990, and alleges that this injury causes functional limitations. The ALJ described Plaintiff's allegations as follows: "[Plaintiff stated] that he has right hand pain from a history of fracture and fusion, that his hand locks up with too much use, and that he is only able to use it for about 10-15 minutes at one time. . . . He testified that he . . . can lift no more than 10 lbs." AR at 305. The ALJ found that the record showed that Plaintiff's right hand is not as functionally limited as he alleged for three reasons. First, a March 2017 consultative examination performed by Derek Leinenbach, M.D., revealed normal grip strength and normal gross and fine motor skills. AR at 308 (referencing AR at 1475-77). Second, a June 2017 neurological examination did not mention any hand-related deficits. AR at 308 (referencing AR at 1827-28). Lastly, Plaintiff reported an ability to perform many tasks with his hands, such as "building a rock wall, sewing, etching, making jewelry, and doing leather work." AR at 308 (referencing AR at 649, 1843). The ALJ also found that Plaintiff's inconsistent statements and symptom exaggeration undermine the reliability of his self-reporting, and the ALJ provided several examples of inconsistencies and pointed to Dr. Leinenbach's opinion detailing Plaintiff's exaggerations. AR at 305-06.

Plaintiff argues that the ALJ's reasons for discounting the reliability of his hand-related complaints are not legally sufficient, and the Court will address each reason in turn.

*1.     Legal Standards*

It is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony

requires a two-step analysis. 20 C.F.R. §§ 404.1529; *Smolen*, 80 F.3d at 1281. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529; *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

When evaluating a claimant's subjective symptom testimony, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation," including a claimant's reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Thomas*, 278 F.3d at 958-59 (citing *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

    2.  *Medical Examinations*

Plaintiff argues that the ALJ erred in relying on Dr. Leinenbach's examination and the neurological examination in assessing the reliability of his hand complaints because those examinations were not "dedicated to the hands, but performed in the course of broader

examinations of systems." (Dkt. # 10 at 8.) This argument is persuasive as to the neurological examination, because it does not appear that the examination was performed in the context of a hand-related complaint and the examination findings do not mention Plaintiff's hands at all. AR at 1827-28.

This argument is not persuasive as to Dr. Leinenbach's examination, however. Dr. Leinenbach was aware of Plaintiff's complaints of hand problems, and specifically tested Plaintiff's finger range of motion, performed sensation testing of his fingers, tested his gross and fine motor skills in his hands and fingers, and tested his hand functionality upon repetition. AR at 1473, 1475-76. Dr. Leinenbach also opined as to Plaintiff's ability to, *inter alia*, lift, reach, handle, finger, and feel. AR at 1476-77. This evidence specifically contradicts Plaintiff's allegations, and constitutes a clear and convincing reason to discount Plaintiff's allegations of hand-related limitations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Any error in the ALJ's reliance on the neurological examination as another reason to discount Plaintiff's testimony is therefore harmless, in light of this valid reason. *See id.* at 1162-63.

### 3. *Activities*

Plaintiff argues that the ALJ erred in finding that his activities contradicted his allegations of hand-related limitations because those activities were performed at his own pace, which would allow him to take breaks or seek help when necessary. (Dkt. # 10 at 8.) Even if that is true, it is nonetheless reasonable to find Plaintiff's selection of hobbies to be inconsistent with his allegations of severe hand-related limitations: he claimed he could only use his hands for 10-15 minutes at a time, yet his hobbies include beading, etching, braiding, sewing, making

jewelry, and woodworking. AR at 649, 1843. The ALJ did not err in considering whether Plaintiff's activities contradict his testimony, or in concluding that the activities are indeed inconsistent. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"); *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

### *4. Inconsistencies & Exaggeration*

The ALJ detailed inconsistencies in the record as well as evidence of symptom exaggeration, and concluded that these parts of the record undermined Plaintiff's "reliability as an accurate historian." AR at 306. Plaintiff argues that because none of the inconsistencies or exaggerations identified by the ALJ pertains to Plaintiff's hand complaints, that reasoning cannot support the ALJ's conclusions about the reliability of his hand complaints. (Dkt. # 13 at 5-6.) It is true that the ALJ did not cite evidence that Plaintiff had exaggerated his hand complaints or made inconsistent statements about them, but the evidence of inconsistencies and exaggeration nonetheless undermines Plaintiff's reliability as an accurate historian, and supports the ALJ's finding in that regard. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1225 (9th Cir. 2010) (holding that because an ALJ properly discounted a claimant's allegations of physical limitations due to exaggeration, that evidence also supported discounting his allegations of mental limitations); *Davis v. Berryhill*, 743 Fed. Appx. 846, 848 (9th Cir. Aug. 13, 2018) (affirming an ALJ's discounting a claimant's testimony based on instances of exaggeration and inconsistent statements); *Hopkins v. Berryhill*, 697 Fed. Appx. 892, 892 (9th Cir. Sep. 28, 2017)

("[T]he ALJ properly found that Hopkins's request for assistance with feigning psychiatric symptoms detracted from his credibility as a reporter of his symptoms and limitations.").

Because the ALJ provided multiple legally sufficient reasons to discount Plaintiff's testimony, this portion of the ALJ's decision is affirmed.

### B. The ALJ Erred in Failing to Address Dr. Barchesi's Opinion

The ALJ failed to discuss Dr. Barchesi's July 2016 opinion regarding Plaintiff's hand limitations. Plaintiff contends that this omission constitutes error, because an ALJ must discuss all significant, probative evidence. (Dkt. # 13 at 2.) The Commissioner contends that Dr. Barchesi's opinion is not probative because his conclusions do not quantify the extent of Plaintiff's functional limitations. (Dkt. # 11 at 11-12.)

#### *1. Legal Standards*

An ALJ must discuss all significant, probative evidence in the record, and must explain why an opinion that conflicts with the RFC assessment was not adopted. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is neither significant nor probative"); Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

#### *2. Dr. Barchesi's Opinion is Significant, Probative Evidence*

Dr. Barchesi examined Plaintiff in July 2016 and completed a "Hand and Finger Conditions Disability Benefits Questionnaire" form for the U.S. Department of Veterans Affairs. AR at 872-89. Dr. Barchesi recorded Plaintiff's reported limitations, his own clinical testing results, and his conclusions about the impact of Plaintiff's hand condition on his ability to work. *Id*. Dr. Barchesi concluded at the end of the form questionnaire that Plaintiff "has trouble

grasping hard or doing repetitive motions with his right hand due to flexion cramps secondary to adhesions of the extensor tendons of the 4th and 5th finger secondary to the original injury. He cannot typically lift or manipulate much weight." AR at 889.

The Commissioner contends that because Dr. Barchesi failed to translate Plaintiff's "trouble" with grasping and repetitive motions into vocationally relevant terms, the opinion was vague and therefore unhelpful to the ALJ's task in determining Plaintiff's RFC. (Dkt. # 11 at 11-12.) According to the Commissioner, this vagueness renders Dr. Barchesi's opinion without probative value, and therefore the ALJ did not need to discuss it. (*Id.*) Even if the Court agrees with the Commissioner about the deficiencies in Dr. Barchesi's opinion, the ALJ — rather than the court — is tasked with evaluating the opinion evidence in the first instance. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). Because the ALJ's decision fails to address any part of Dr. Barchesi's examination or his conclusions, the Court cannot infer from the ALJ's stated reasoning that the failure to discuss Dr. Barchesi's opinion was inconsequential to the disability determination. *See id.* This case must be remanded to permit the ALJ to address Dr. Barchesi's opinion. *See id.*

//
//
//
//
//
//
//
//

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should address Dr. Barchesi's opinion and either credit it, or provide legally sufficient reasons to discount it. The ALJ may revisit other portions of the decision as warranted by the assessment of Dr. Barchesi's opinion.

Dated this 2nd day of April, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge